# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELMER CRISTOBAL PEREZ COBON,** : | |
|     **Petitioner** : | |
| : | No. 1:19-cv-1841 |
| v. : | |
| : | (Judge Kane) |
| **CLAIR DOLL,** : | |
|     **Respondent** : | |

## MEMORANDUM

On October 25, 2019, pro se Petitioner Elmer Cristobal Perez Cobon ("Petitioner"), who is currently confined at the York County Prison, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") without a bond hearing. (Doc. No. 1.) Following an Order to show cause (Doc. No. 4), Respondent filed a response, contending that Petitioner's detention is lawful (Doc. No. 8). Petitioner has filed neither a traverse nor a motion seeking an extension of time to do so. Accordingly, because the time period for filing a traverse has expired, Petitioner's § 2241 petition is ripe for disposition.

## I. BACKGROUND

Petitioner is a citizen and national of Guatemala. (Doc. No. 8-1 at 2.) He entered the United States on December 3, 1997, pursuant to a temporary visitor's visa. (Id. at 8.) Petitioner's temporary visa was valid until July 15, 1998. (Id.) On January 24, 2000, Petitioner was convicted of criminal impersonation and two (2) counts of driving under the influence of alcohol in the Court of Common Pleas for Sussex County, Delaware. (Id. at 21-23.) Petitioner was arrested again on September 4, 2018 for driving under the influence of alcohol. (Id. at 12.)

On September 17, 2018, ICE took Petitioner into custody and issued a Notice to Appear charging him as being removable pursuant to 8 U.S.C. § 1227(a)(1)(B) because he had remained in the United States after his visa expired. (Id. at 8, 48.) Petitioner conceded to being removable, and an immigration judge sustained the charge that Petitioner had overstayed his visa. (Id. at 31.) Petitioner applied for relief in the form of cancellation of removal as a nonlawful permanent resident. (Id.) On March 15, 2019, an immigration judge concluded that Petitioner was ineligible for cancellation of removal because his January 24, 2000 conviction for criminal impersonation constituted a crime involving moral turpitude within the meaning of 8 U.S.C. § 1182(a)(2)(A)(i)(I). (Id. at 32-39.) The immigration judge ordered Petitioner removed to Guatemala because Petitioner had not demonstrated eligibility for any other forms of relief. (Id. at 39.) The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of that decision on August 29, 2019. (Id. at 42-46.)

On September 23, 2019, Petitioner filed a petition for review and a motion to stay removal with the United States Court of Appeals for the Third Circuit. See Perez-Cobon v. Att'y Gen., No. 19-3178 (3d Cir. Sept. 23, 2019).[1] That same day, the Third Circuit temporarily granted Petitioner's motion for stay of removal in accordance with their August 5, 2015 standing order. See id. On October 17, 2019, an immigration judge denied Petitioner's request for a change in custody status, concluding that he did not have jurisdiction over Petitioner's request because Petitioner was not subject to a final administrative order and had not been detained for more than 180 days. (Doc. No. 8-1 at 50.) Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 25, 2019. (Doc. No. 1.) On February

---

[1] The Court may take judicial notice of court records. See Montanez v. Walsh, No. 3:13-cv-2687, 2014 WL 47729, at *4 n.2 (M.D. Pa. Jan. 7, 2014) (citations omitted).

19, 2020, the Third Circuit denied Petitioner's motion to stay removal and vacated the temporary stay that had been entered on September 23, 2019. (Doc. No. 9); see also Perez-Cobon, No. 19-3178 (3d Cir.) (Doc. No. 55).

## II. LEGAL STANDARD

Under 8 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989). Because Petitioner is currently detained within the jurisdiction of this Court and asserts that his continued detention violates due process, this Court has jurisdiction over his § 2241 petition. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

## III. DISCUSSION

"Generally speaking, 8 U.S.C. § 1226 governs pre-removal order detention of aliens while 8 U.S.C. § 1231 governs post-removal order detention of aliens." Samba v. Lowe, No. 3:18-cv-662, 2020 WL 599839, at *2 (M.D. Pa. Feb. 7, 2020). In the instant case, when Petitioner filed his § 2241 petition, his detention was governed by § 1226(c) because the Third Circuit's grant of a temporary stay of removal causes an immigration detainee to revert to pre-removal immigration detention status because the order of removal is not administratively final. See, e.g., Orozco Arroyo v. Doll, No. 4:19-cv-490, 2019 WL 6173753, at *4-5 (M.D. Pa. Oct. 10, 2019), report and recommendation adopted, 2019 WL 6130483 (M.D. Pa. Nov. 19, 2019); Carlos A. v. Green, No. 18-741 (SDW), 2018 WL 3492150, at *2 n.1 (D.N.J. July 20, 2018); Chica-Iglesia v. Lowe, No. 1:18-cv-35, 2018 WL 1960438, at *1 (M.D. Pa. Apr. 25, 2018); Gekara v. Lowe, No. 3:17-cv-1693, 2018 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018); Payano v. Lowe, No. 3:16-cv-2029, 2016 WL 6995433, at *2 (M.D. Pa. Nov. 30, 2016); see also Leslie v.

Att'y Gen., 678 F.3d 265, 270 (3d Cir. 2012) (noting that "§ 1321 cannot explain nor authorize detention during a stay of removal pending further judicial review"), abrogated in part on other grounds by Jennings v. Rodriguez, 138 S. Ct. 830 (2018). However, as noted above, the Third Circuit denied Petitioner's motion to stay removal and vacated the temporary stay of removal on February 19, 2020. Accordingly, Petitioner is now subject to a final order of removal, and his detention is, therefore, governed by § 1231. See Samba, 2020 WL 599839, at *2; Labarriere v. Doll, No. 4:19-cv-309, 2019 WL 6875624, at *2 (M.D. Pa. Dec. 17, 2019). Thus, to the extent Petitioner seeks a bond hearing to challenge his detention pursuant to § 1226(c), his § 2241 petition must be denied as moot. See Ufele v. Holder, 473 F. App'x 144, 146 (3d Cir. 2012) (holding that habeas challenge to pre-final order of detention was rendered moot when individual shifted to post-final order detention status); Saini v. Lowe, No. 4:18-cv-1546, 2019 WL 1247529, at *2 (M.D. Pa. Feb. 22, 2019), report and recommendation adopted, 2019 WL 1239873 (M.D. Pa. Feb. 22, 2019). Nonetheless, given Petitioner's pro se status and continued detention, the Court will consider whether he is entitled to a bond hearing to review his continued detention under § 1231.

Section 1231(a)(1)(A) provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." See 8 U.S.C. § 1231(a)(1)(A). During this ninety (90)-day period, "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2)." See id. § 1231(a)(2). After the ninety (90)-day period has expired, the alien may be held in continued detention, or may be released under supervision. See id. § 1231(a)(3), (6). In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court concluded that § 1231 "limits an

alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." See id. at 699. Thus, "[o]nce removal is no longer reasonably foreseeable, continued detention is longer authorized by statute." See id. To establish a uniform baseline, the Court noted that a period of six (6) months is a "presumptively reasonable period of detention." See id. at 701; see also Guerrero-Sanchez v. Warden York Cty. Prison, 905 F.3d 208, 226 (3d Cir. 2018) (concluding that the Due Process Clause of the Fifth Amendment prohibits prolonged detention under § 1231 without a bond hearing and adopting a six (6)-month rule that an alien detained under § 1231 "is generally entitled to a bond hearing after six months (i.e., 180 days) of custody").

The Third Circuit denied Petitioner's motion for a stay of removal and lifted the temporary stay on February 19, 2020. (Doc. No. 9.) Accordingly, the ninety (90)-day removal period commenced at that time. See Omollo v. Warden, York Cty. Prison, No. 3:17-cv-1039, 2018 WL 2292533, at *2 (M.D. Pa. May 18, 2018) ("The dismissal of Omollo's pending petition for review [by the Third Circuit Court of Appeals] converted [Omollo's] mandatory detention under Section 1226 to post-final order detention under Section 1231."); Gekara v. Lowe, No. 3:17-cv-1693, 2019 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018) ("However, the ninety-day removal did not commence until October 2, 2017, when the Third Circuit lifted its temporary stay of removal upon deciding that Petitioner did not satisfy the requirements for a stay of removal pending a decision on his petition for review."); Payano v. Lowe, No. 3:16-cv-2029, 2016 WL 6995433, at *2 (M.D. Pa. Nov. 30, 2016) ("However, the ninety-day removal period did not commence until November 8, 2016, when the Third Circuit lifted its temporary stay of removal upon deciding that Petitioner did not satisfy the requirements for a stay of removal pending a decision on his petition for review."). Petitioner, therefore, is still within the ninety

5

(90)-day period where his detention is mandatory. His period of mandatory detention expires on May 19, 2020, and his presumptively reasonable period of detention without a hearing expires ninety (90) days after that. "A petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature." Gekara v. Lowe, No. 3:17-cv-1693, 2018 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018). Thus, Petitioner's § 2241 petition must be dismissed because his challenge to his detention under § 1231 is premature at this time. See Samba, 2020 WL 599839, at *3 (concluding same).

**IV.     CONCLUSION**

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed as premature. An appropriate Order follows.